**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**PADUCAH DIVISION**

**QUINTARIOUS ANTONIO LEE**                                                               **PLAINTIFF**

**v.**                                                      **CIVIL ACTION NO. 5:25-CV-012-JHM**

**DAVID KNIGHT,** *et al.*                                                               **DEFENDANTS**

### MEMORANDUM OPINION

Plaintiff Quintarious Antonio Lee, proceeding *pro se*, filed the instant 42 U.S.C. § 1983 action. This matter is currently before the Court on initial review of Plaintiff's complaint pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the Court will dismiss the action without prejudice.

### I. SUMMARY OF CLAIMS

Plaintiff was a pretrial detainee at McCracken County Jail (MCJ) at the time of the complained-of events. He sues the following MCJ personnel in their official and individual capacities: Jailer David Knight, Deputy Dickerson, and Captain Awberry. Plaintiff states as follows:

> I was force in a cell with a guy that was classified as a violent offender and I was non-violent offender. My rights was violated when the jail classification doesn't permit us to be house together. When this occurred my life was put in danger that's where my rights was violated[.] I argued I can't be in the same call as the inmate and they still . . . made me go in the cell with him.

> I got into a physical altercation with the inmate. This happen on 8/24/24 at 15:53. That's when I woke up to use the restroom I notice him playing his own anus that's when went bad I confronted him he then got mad a[nd] started swinging at me saying he was going to kill me so I had no choice to defend myself. Other inmate was on the walk heard us fighting and thats it. Then after the C.O. came to make his round the inmate ask to talk to him private. Next thing I know he claim I raped him. Now Im being charged with Sodomy, 1st Degree and Assault, 4th Degree (minor injury).

> Now my human rights has been violated and they use excessive force when the situation was at hand the[y] beat on me when I was not a threat I was in restraints and pined me to the floor of my cell and on the way to the restraint chair. Also was maced when I was not [a] threat. So my rights has been violated by these C.O.'s which is my Fourth Amendment that they violated. Here are the grounds of my (Human Rights) and (Excessive Force)[.]

Plaintiff goes on to generally describe the concepts of "Human Rights" and "Excessive Force" and cites to the Fourth Amendment of the United States Constitution.

As relief, Plaintiff seeks monetary and punitive damages, as well as dismissal of "all charges" and "expungement of these charges off my record."

## II. **STANDARD OF REVIEW**

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing

court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

### III. ANALYSIS

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "A plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

The Court construes the complaint as alleging claims for failure to protect and excessive force under the Fourteenth Amendment.

#### A. Official-Capacity Claims

"Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Therefore, Plaintiff's official-capacity claims against the Defendants are actually brought against their employer, McCracken County. *Id*. at 165.

As to McCracken County, it cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a county policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cnty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). The policy or custom "must be 'the moving force of the constitutional violation'

3

in order to establish the liability of a government body under § 1983." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

Here, Plaintiff does not allege that any action in the complaint was taken pursuant to a policy or custom of McCracken County, and his allegations pertain only to himself. Accordingly, Plaintiff's official-capacity claims against the Defendants must be dismissed for failure to state a claim upon which relief may be granted.

### *B. Individual-Capacity Claims*

Plaintiff's claims against the Defendants, individually, must also be dismissed. The Sixth Circuit "has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right." *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008) (citing *Terrance v. Northville Reg'l Psych. Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002)). Plaintiff fails to identify any individual who committed the alleged wrongdoing, or what specific action any individual defendant took. Therefore, the claims must be dismissed for failure to state a claim upon which relief may be granted.

However, the Court will dismiss the action without prejudice and with leave to amend to the complaint for Plaintiff to identify the specific individuals who participated in the alleged wrongdoing and to state specifically how he alleges they violated his constitutional rights. *See Rashada v. Fiegel*, No. 23-1674, 2024 WL 1367436, at *4 (6th Cir. Apr. 1, 2024) (approving dismissal of *pro se* complaint without prejudice and with leave to amend).

The **Clerk of Court is DIRECTED** to place this case number and word "Amended" on a § 1983 complaint form and send it to Plaintiff, along with three summons forms, should Plaintiff

choose to amend the complaint. Any amended complaint must be filed **on or before June 23, 2025**.

### C. Claims for Injunctive Relief

With regard to Plaintiff's claims seeking injunctive relief in the form of dismissal or "expungement" of the pending criminal charges identified in the complaint, they must be dismissed, as this Court has no authority to intervene in state court criminal proceedings, except in very limited circumstances not present in the instant case.

"The *Younger* abstention doctrine provides that a federal court should abstain from interfering in a state court action when (1) there is an ongoing state judicial proceeding, (2) the state proceeding implicates important state interests, and (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges." *Graves v. Mahoning Cnty.*, 534 F. App'x 399, 406 (6th Cir. 2013) (citing *Fieger v. Cox*, 524 F.3d 770, 775 (6th Cir. 2008); *Am. Family Prepaid Legal Corp. v. Columbus Bar Ass'n*, 498 F.3d 328, 332 (6th Cir. 2007)). If these prongs are satisfied, a court should abstain from interfering in the state court action unless (1) "the state proceeding is motivated by a desire to harass or is conducted in bad faith," *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 611 (1975); (2) "[a] challenged statute is flagrantly and patently violative of express constitutional prohibitions," *Moore v. Sims*, 442 U.S. 415, 424 (1979) (quoting *Huffman*, 420 U.S. at 611); or (3) there is "an extraordinarily pressing need for immediate federal equitable relief." *Kugler v. Helfant*, 421 U.S. 117, 125 (1975). These exceptions have been interpreted narrowly. *Gorenc v. City of Westland*, 72 F. App'x 336, 338-39 (6th Cir. 2003) (citing *Zalman v. Armstrong*, 802 F.2d 199, 205 (6th Cir. 1986)).

The Commonwealth of Kentucky has an important interest in adjudicating Plaintiff's criminal action. *See Frost v. Nessel*, 712 F. Supp. 3d 1008, 1013 (W.D. Mich. 2024) ("[T]he state

prosecution against [Plaintiff] also serves an important state purpose—specifically, [the state]'s right to enforce its criminal laws."). Moreover, Plaintiff has not articulated any reason to believe that the Kentucky state courts will not fully and fairly litigate his constitutional claims. *See id.* ("The state prosecution provides [Plaintiff] with adequate opportunities to raise constitutional challenges and any other challenges in a competent forum."). If he is ultimately convicted in the trial court, he still has a number of state-court remedies available to him, including appeals to the Kentucky Court of Appeals and the Kentucky Supreme Court. In addition, Plaintiff alleges no unusual or extraordinary circumstances sufficient to warrant federal intervention at this time. *See Am. Family Prepaid Legal Corp.*, 498 F.3d at 334. The Court therefore concludes that the *Younger* abstention doctrine prevents the Court from providing Plaintiff the relief he seeks.

### IV.  CONCLUSION

For the foregoing reasons, the Court will enter a separate Order dismissing the action.

Date:   May 22, 2025

*Joseph H. McKinley*
Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:      Plaintiff, *pro se*
4414.015